NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAWAR BAQI,<br><br>    *Appellant*,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO., LTD., MITSUI O.S.K. LINES, LTD., HYUNDAI MERCHANT MARINE (AMERICA), INC., and MOL (AMERICA),<br><br>    *Appellees*. | Civil No. 2:16-4903 (KSH) (CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  **I. BACKGROUND**

  Khawar Baqi filed a voluntary petition for Chapter 7 bankruptcy on March 18, 2016. (D.E. 4-1("Appellant Appendix") at 6.) On March 19, 2016, all debtors listed on Baqi's petition were noticed that pursuant to 11 U.S.C. § 341(a), a meeting would be held on April 18, 2016. (*Id.* at 75.) At the meeting, court-appointed Trustee John Lester presided over discussions with creditors. (*Id.*) Hyundai Merchant Marine Co., Ltd., Hyundai Merchant Marine Inc., Mitsui O.S.K. Lines, Ltd., and MOL (America) Inc. (collectively "Hyundai"), although listed as creditors on Baqi's petition, did not attend. Trustee Lester determined, after making "a diligent inquiry into the financial affairs of the debtor," that there were no assets or property available for distribution to the creditors and recommended to the bankruptcy court that Baqi's $2.1 million indebtedness be discharged. (Appellant Appendix at 2.) The bankruptcy court set

June 16, 2016 as the deadline to oppose the discharge of Baqi's debt. (*Id.*) On June 15, one day before the deadline, Hyundai's counsel reached out to Baqi's counsel for the first time, notifying him that Hyundai had recently retained representation and asking for consent to allow additional time to object. (Appellant Appendix at 131-32.) Baqi refused, and on June 16, Hyundai filed a motion to extend the deadline to discharge the debt. (Appellant Appendix at 77; D.E. 6-1 (Appellee Appendix") at 1).)

In support, Hyundai asserted that at some point before filing for bankruptcy, Baqi hired Hyundai, through his solely owned LLC, to ship 73 ocean containers from New York to Dubai. (Appellee Appendix at 23 ¶ 12.) In the bills of lading, Baqi designated that his consignee, Al Mehboob General Trading, would retrieve the shipping containers. (*Id.* 24 ¶ 13.) Hyundai alleges Al Mehboob General Trading was a fictitious company that never picked up the shipping containers after they reached Dubai, and as a result, Hyundai had to transport them to Vietnam for disposal. (*Id.* at 23 ¶¶ 13-16.) Baqi never paid Hyundai for any of its services. (*Id.*) Because Hyundai alleges fraud, the debt Baqi owes it − $1,270,419.05 plus $183,496.68 in related costs − would be non-dischargeable. (*Id.* at 24 ¶¶ 22-39.)[1] The United States Trustee also moved to extend the deadline to object in order to investigate further Hyundai's allegations. (Appellant Appendix at 2.). Although Baqi opposed Hyundai's motion, arguing that there was no cause for an extension pursuant to Fed. R. Bankr. P. 4004, he did not oppose the United States Trustee's motion. (*Id.* at 3.)

---

[1] Under F.R.B.P. sections 523(a)(2)(A), 523(a)(4), and 523(a)(6), fraud renders a debt non-dischargeable.

On July 26, 2016, Bankruptcy Judge John K. Sherwood held oral argument on the motions. Baqi's attorney argued that there was no cause to grant Hyundai's motion because it had not attended the meeting of creditors nor contacted Baqi's counsel prior to June 15. (Oral Argument Transcript at 3:5-9.) Hyundai responded by saying that it had just recently obtained counsel and that Hyundai and the related entities were foreign corporations, which may have affected notice of the bankruptcy. (*Id.* at 3:12-23.) Additionally, Hyundai stated that it was investigating the situation for possible fraud. (*Id.*) Judge Sherwood granted the one-month extension, moving the deadline to object to August 19, which was before the extended deadline requested by the Unites States Trustee. (*Id.* at 9:19-21.) Relatedly, Judge Sherwood noted that the United States Trustee filed an unopposed motion to extend so that it could independently investigate these allegations. Therefore, according to the court, there was no prejudice in allowing Hyundai extra time to object because there would be an extension of time regardless, and Baqi's discharge of debt would be delayed. The court explained:

> Yes, I think I agree with Mr. Joyce. The Trustee is investigating this in any event. The extension requested is not lengthy. And they did move before the expiration of the deadline. I think normally these extensions are granted by consent, especially when counsel is brought in. So I don't see any great prejudice to the debtor, since the debtor is going to have to explain itself to the Office of the United States Trustee in any event. I don't see why Hyundai Merchant Marine shouldn't be able to tag along and work with the Trustee and do this in a coordinated and joint manner with the Officer of the United States Trustee, so that we can, everyone can see, I'm sure the debtor is anxious to explain why he is entitled to a discharge.

(*Id.* at 5:15 to 6:2.)

Judge Sherwood granted Hyundai's motion and Baqi appealed.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts, and review factual findings under a "clear error" standard and "exercises of discretion for abuse thereof." *In re Ross*, 858 F.3d 779, 783 (3d Cir. 2017) (citing *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013) (quotations omitted)). "An abuse of discretion standard applies where the Bankruptcy Court has exercised discretion in making its determination[.]" *Hopkins v. McDonnell*, 2006 WL 2241646, *2 (D.N.J. Aug. 4, 2006) (Brown, J.). This standard is "at root a deferential standard of review," and the district court "should not disturb an exercise of discretion unless there is a definite and firm conviction that the [bankruptcy] court . . . committed clear error of judgment in the conclusion it reached upon weighing the relevant factors." *In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006) (citing *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 320 (3d Cir. 2001) (quotations omitted)).

## III.  ANALYSIS

Baqi makes two arguments on appeal: (1) that the bankruptcy court committed reversible error in extending the deadline because there was no good cause; and (2) that the bankruptcy court erred in determining that Baqi would not be prejudiced by the extension. (D.E. 4 ("Baqi Brief") at 1.)[2]

---

[2] The Court will not address Hyundai's argument that the extension of time was not a final, appealable order. Although the appeal is arguably interlocutory, the Court heeds Third Circuit guidance in applying "a broader concept of finality" in bankruptcy courts and addresses the merits of the argument. *See In re Owens Corning*, 419 F.3d

Under the Federal Rules of Bankruptcy Procedure, a relevant party may object to the discharge of a debtor's debt within 60 days of the meeting of creditors (§ 341(a)). F.B.R.P. 4004(a). A party may also request an extension of that 60-day period in the following ways:

> (b) Extension of Time
>
> (1) On motion of any party in interest, after notice and hearing, the court may *for cause* extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

F.B.R.P. 4004(b) (emphasis added).

Here, the appeal turns on the meaning of *for cause*. The heart of Baqi's argument is that Hyundai was required to demonstrate cause by showing that it exercised a "reasonable degree of due diligence" prior to expiration of the deadline. (Baqi Brief at 9) (citing *In re Mauz*, 513 B.R. 273, 279 (Bankr. M.D. Pa. 2014)).

---

195, 203 (2005). The Third Circuit has stressed that "issues central to the progress of the bankruptcy petition, those 'likely to affect the distribution of the debtor's assets, or the relationship among the creditors,' should be resolved quickly." *Id.* (quoting *Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 98 (3d Cir. 1988)). Because the extension of time determined whether Hyundai would have time to object to the discharge of Baqi's debt, it is significant enough for the Court to resolve.

"[W]hile courts may differ on the precise standard to use when determining cause under Rule 4004(b)(1), they agree on requiring proof of diligence from the movant in investigating the debtor's financial affairs prior to granting an extension." *421 Chestnut Partners, LP v. Aloia (In re Aloia)*, 496 B.R. 366, 380 (Bankr. E.D. Pa. 2013). As one bankruptcy court noted, case law on F.B.R.P. 4004 and the definition of for cause is scarce.3 *See In re Mauz*, 513 B.R. 273, 279-80 (Bankr. M.D. Pa. 2014). Subsection (b) describes the requirements for an extension after the expiration of the deadline. Clearly, the subsection (a) requirements for an extension before the deadline expires are less stringent. The bankruptcy judge acknowledged that Hyundai was a foreign entity (which may have affected notice), had recently obtained counsel, and was investigating what appeared to be a fictitious entity. Although not required to do so, under these circumstances Hyundai met the higher standard under subsection (b).

It was not an abuse of discretion, therefore, for the bankruptcy court to extend the deadline to object after it identified significant facts to warrant an extension of the deadline to object.

As to Baqi's second argument, the bankruptcy judge held that Baqi would not be prejudiced because the deadline to object would be extended regardless due to the Trustee's motion. "I think normally these extensions are granted by consent, especially when counsel is brought in. So I don't see any great prejudice to the debtor,

---

3 During oral argument, the bankruptcy court observed that "normally these extensions are granted by consent, especially when counsel is brought in." (Oral Argument Transcript at 5:18-19.)

since the debtor is going to have to explain itself to the Officer of the United States Trustee in any event." (Oral Argument Transcript at 5:15 to 6:2.) This Court agrees. For that reason, Baqi's extensive arguments that he is being denied a speedy discharge of his debts are unpersuasive.

IV. CONCLUSION

For the foregoing reasons, Baqi's appeal is denied. An appropriate order will be entered.

s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.

Dated: September 26, 2017